# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **EVAN LEE McNAIR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00498 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WALLENS RIDGE STATE PRISON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

.

*Evan Lee McNair, Pro Se Plaintiff.*

The plaintiff, Evan Lee McNair, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he is not allowed to possess his two, self-published books in prison or to sell his books to other inmates, in violation of his First Amendment rights.  Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

McNair is confined at Wallens Ridge State Prison ("Wallens Ridge"), a facility operated by the Virginia Department of Corrections ("VDOC").  McNair has written and published two books of urban fiction, through a company called Word Out Books.  The books are titled *99% Grind 1% Trust* and *Living Grimey to Survive*. Compl. Exs. 2B. 3C, ECF No. 1-1.  When McNair had copies of each book sent to himself at prison, property officers refused to deliver the books to him.  He has been

told that the VDOC Publications Review Committee has disapproved McNair's books for possession by VDOC inmates because of "sexual content and violent thoughts."  Compl. 2, ECF No. 1.  McNair argues that the content of his books is similar to other books inmates can possess or check out from the prison library.  As relief, McNair seeks monetary damages for his lost book sales and injunctive relief to have his books approved for inmates to possess.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  This rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," such as a state correctional facility.  *Id.* at 70 (citation omitted).  In a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)  To satisfy this requirement, a plaintiff must state specific

facts about what each defendant did, personally, that violated the plaintiff's constitutional rights.

Because Wallens Ridge, the only defendant McNair has named, is properly considered an arm of the Commonwealth of Virginia, this entity is not a person that can be sued under § 1983. Thus, McNair's § 1983 claims cannot proceed against this defendant, and I will summarily dismiss the case without prejudice under § 1997e(c)(1) as legally frivolous. Such a dismissal leaves McNair free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion, to include naming an appropriate person or persons as defendant(s).

A separate Final Order will be entered herewith.

DATED:  November 16, 2021

/s/  JAMES P. JONES
Senior United States District Judge